906 So.2d 810 (2004)
Charles E. WILLIAMS, Appellant,
v.
Louis H. FORNETT, Jr., Appellee.
No. 2003-CA-02143-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*811 George S. Shaddock, Pascagoula, attorney for appellant.
H. Benjamin Mullen, Pascagoula, attorney for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On July 11, 1999 Louis Fornett, Jr., lost control of his vehicle while traveling west on Interstate Highway 10.[1] Fornett crossed the median and struck Charles E. Williams, who was driving a rental vehicle. On June 18, 2002, Williams filed a complaint in the Circuit Court of Jackson County, naming "Lois H. Forn, Jr." as the sole defendant. On June 25, the circuit court clerk issued a summons to "Louis H. Forn, Jr." On December 3, another summons was issued to "Louis H. Forn, Jr." On February 11, 2003, Williams filed an amended complaint naming "Louis H. Fornett, Jr." as the sole defendant. A summons was issued to Mr. Fornett, and Fornett was served with the summons and the amended complaint on February 13. Fornett requested an extension of time to answer on March 7, and the court granted the extension. Fornett filed a motion to dismiss on April 2, 2003 pursuant to Mississippi Rules of Civil Procedure 12(b)(6). The circuit court addressed the motion as one for summary judgment, and on September 10, 2003, the court dismissed Williams's case. It is from this dismissal that Williams now appeals, arguing (1) that the statute of limitations was tolled by filing the amended complaint, and (2) that service of process was effective.

*812 STANDARD OF REVIEW
¶ 2. This Court reviews questions of law, which include summary judgments and motions to dismiss, de novo. City of Jackson v. Perry, 764 So.2d 373, 375 (Miss. 2000) (citing Cooper v. Crabb, 587 So.2d 236, 239 (Miss.1991)). The decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused. Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996).

ANALYSIS OF THE ISSUES

I. DID FILING THE AMENDED COMPLAINT TOLL THE STATUTE OF LIMITATIONS?
¶ 3. Williams's claims against Fornett are covered under the three year statute of limitations found in Mississippi Code Annotated Section 15-1-49. (Rev. 2003). Thus, the statute of limitations for the accident on July 11, 1999 would expire on July 11, 2002. Filing a complaint tolls the applicable statute of limitation for 120 days, but if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitation automatically begins to run again after the expiration of the 120-day period. King v. American RV Centers, Inc., 862 So.2d 558, 561 (¶ 12) (Miss.Ct.App.2003) (citing Holmes v. Coast Transit Authority, 815 So.2d 1183, 1185 (¶ 7) (Miss.2002)). To continue to seek legal redress against a defendant, a plaintiff who files a complaint against a defendant but does not serve the complaint on the defendant within a 120 day period must either re-file a complaint before the statute of limitation runs or show good cause for failing to serve process on the defendant within that 120 day period; otherwise, dismissal is proper. King, 862 So.2d at 561 (¶ 12). Thus, after Williams failed to serve his defendant within the proscribed 120 days, the reminder of the three year statute of limitations began to run. Williams did not request an extension of time to obtain service of process on the defendant, nor did he re-file his suit. Thus, although tolled for the 120 days after the complaint was filed, the statute of limitations expired before the December 3 summons was issued. Furthermore, the statute of limitations expired long before Williams filed his amended complaint in February 2003.
¶ 4. It is unnecessary to delve into an analysis of whether the amended complaint relates back to the original complaint pursuant to Mississippi Rules of Civil Procedure Rule 15 because after the statute of limitations expired in November, Williams lost his right of redress against Fornett by neither filing another complaint, amending the complaint, or seeking an extension of time to serve the defendant. We find no abuse of discretion in dismissing the action. As such, the judgment of the circuit court is affirmed.

II. IS SERVICE OF PROCESS FOR THE AMENDED COMPLAINT EFFECTIVE?
¶ 5. As discussed in Section I, supra, the statute of limitations on Williams's claim expired prior to his filing the amended complaint, and his claim is barred. Accordingly there is no need to address this issue.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Throughout Williams's brief he refers to appellee as both Fortnett and Fornett. For purposes of clarity, this Court will refer to the appellee as Fornett.