CARLTON, J.,
for the Court.
¶ 1. This case arises from the Circuit Court of Warren County’s dismissal of Tequelia Thomas’s appeal for failure to file a brief. The appeal was taken from a decision of the Mississippi Workers’ Compensation Commission which affirmed the decision of an administrative law judge denying Thomas’s claim for worker’s compensation benefits. Aggrieved by the circuit court’s dismissal, Thomas appeals to this Court challenging the circuit court’s dismissal of her appeal as well as the merits of the Commission’s decision. We find that the circuit court erred in dismissing Thomas’s appeal; therefore, we reverse and remand without reaching the merits of the Commission’s decision.
FACTS
¶ 2. Thomas began working with Five County Child Development Program, Inc. in June 2003 as an operator/driver, providing transportation services for clients and their children to and from work and childcare. On September 7, 2003, Thomas, while at her mother’s house, received a call to pick up a client. Thomas walked out of the house and attempted to enter her work vehicle but was confronted by an ex-boyfriend who highjacked the vehicle and ran over her with it.
¶ 3. On March 31, 2004, Thomas filed a worker’s compensation claim. Her employer, Five County Child Development Program, Inc., and carrier, Commerce and Industry Insurance Company (collectively “Five County”), denied compensability. A hearing was held before an administrative law judge of the Mississippi Workers’ Compensation Commission, who, by order dated January 14, 2005, denied Thomas’s claim. Aggrieved by the administrative law judge’s decision, Thomas perfected an appeal to the Commission, which, after a hearing, affirmed the findings of the administrative law judge.
¶ 4. Thomas then perfected an appeal of the Commission’s decision to the Circuit *249 Court of Warren County, filing a notice of appeal on July 7, 2005. The Commission forwarded its transmittal letter to the circuit court on July, 25, 2005. Two days later, counsel for Thomas received a phone message from the clerk’s office that a filing fee and a case cover sheet were needed before the case could be docketed. Thomas’s attorney called the clerk to voice his belief that no filing fee is required in an appeal from an administrative agency. Unable to convince the clerk, counsel for Thomas sent an e-mail to the clerk’s office on August 3, 2005, citing case authority to support his contention. The next day, counsel for Thomas was at the Warren County Circuit Court for an unrelated matter and spoke with the clerk’s office. He inquired if the case had been docketed and received a response that the clerk would have to consult with an attorney and get back with him. The record reflects no further contact between Thomas’s attorney and the clerk until September 16, 2005, when counsel for Thomas sent a copy of the cover sheet and a letter to the office of the clerk asking them to docket the case. Counsel for Thomas, waiting to receive notice of docketing and a briefing schedule from the clerk, filed no brief for the appeal.
¶ 5. On November 8, 2005, Five County filed a motion to dismiss for Thomas’s failure to file a brief. Upon receipt of this motion, counsel for Thomas again called the clerk to inquire regarding the docketing of the case and the briefing schedule. As a result of this conversation, the clerk then mailed Thomas’s attorney a copy of the Commission’s transmittal letter postmarked November 18, 2005. Counsel for Thomas still did not file a brief in the circuit court. After a hearing, Five County’s motion was granted by the Circuit Court of Warren County by order dated December 22, 2005. Aggrieved by the circuit court’s decision, Thomas appeals.
STANDARD OF REVIEW
¶ 6. Ordinarily, this Court reviews the decision of a circuit court regarding an agency action under the same standard of review that the lower court was required to apply. The order of an administrative agency will only be overturned where this Court determines that it “1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party.” Miss. Sierra Club, Inc. v. Miss. Dep’t of Envtl. Quality, 819 So.2d 515, 519(15) (Miss.2002) (citation omitted).
¶ 7. However, in the instant case, the appellant is challenging the circuit court’s granting of a motion to dismiss her case. “The decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused.” Williams v. Fornett, 906 So.2d 810, 812(2) (Miss.Ct.App.2004) (citing Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996)).
DISCUSSION
¶ 8. Thomas argues that the circuit court’s dismissal of her appeal for failure to file a brief was an abuse of discretion. She claims that the clerk’s office at the Warren County Circuit Court delayed in docketing the case and failed to provide notice to the parties that the record had been received by the circuit court. Thomas contends that, due to the clerk’s failure to give notice, the time for filing briefs did not begin to run, and the obligation to brief did not arise. Thomas further claims that the circuit court had a duty to rule on the record notwithstanding her failure to file a brief.
*250 ¶ 9. Thomas argues alternatively, that if the obligation to brief had come to fruition and the time to file a brief had passed, she was not given prior notice of any deficiencies and an opportunity to cure any deficiencies and that the case should therefore be reversed.
¶ 10. “[A] circuit court [sits] as an appellate court in reviewing the final order of the Workers’ Compensation Commission.” Zurich Am. Ins. Co. v. Beasley Contr. Co., 779 So.2d 1132, 1134(8) (Miss.Ct.App.2000). Uniform Circuit and County Court Rule 5.06 provides that “[bjriefs filed in an appeal on the record must conform to the practice of the Supreme Court, including form, time of filing and service. ... The consequences of failure to timely file a brief will be the same as in the Supreme Court.” URCCC 5.06.
¶ 11. The practice of the Supreme Court as it pertains to the filing of briefs is set forth in Mississippi Rule of Appellate Procedure 31, which states:
(a) Notice of Briefing Schedule. Immediately upon filing of the record in the office of the clerk of the Supreme Court, the clerk shall notify counsel of the filing of the record. However, failure of the clerk to give, or of a party to receive, notice of the filing of the record shall not excuse any delay in filing briefs.
(b) Time for Filing and Service of Briefs. The appellant shall serve and file the appellant’s brief within 10 days after the date on which the record is filed.
M.R.A.P. Rule 31(a)(b) (emphasis added).
¶ 12. Thomas was delinquent in failing to file a brief with the circuit court. Rule 31(b) mandates that a brief be filed within forty days of the filing of the record in the circuit court. Rule 31(a) provides that the clerk’s failure to provide notice of the receipt of the record or a party’s failure to receive such notice does not excuse an untimely filed brief. The instant case presents a unique circumstance where the clerk refused to docket the appeal. The record reflects that the commission forwarded the record to the circuit clerk’s office for filing on July 25, 2005. However, it was not until six weeks later that the clerk, after reviewing the authority cited by Thomas’s counsel and consulting with an attorney, decided to docket the case. Ultimately, the case was docketed in the circuit court on September 19, 2005. Thus, Thomas had forty days therefrom to timely file a brief pursuant to M.R.A.P. 31(b). No brief was ever filed by Thomas nor was a motion for extension or enlargement of time. Accordingly, we find that the time for filing a brief began to run when the circuit clerk filed the record, and we reject Thomas’s contentions that the filing of a brief is not mandatory, and that the time to file a brief did not begin to run.
¶ 13. Notwithstanding, Thomas’s failure to file a brief, we find that, pursuant to Mississippi Rule of Appellate Procedure 2(a)(2), Thomas was entitled to written notice from the clerk of the deficiencies in the appeal and a fourteen day period in which to cure any deficiencies.
¶ 14. As stated above, the consequences of failure to file a brief in the circuit court are the same as in the supreme court. Rule 31(d) sets forth the consequences of the failure to file a brief in the supreme court. Rule 31(d) provides that “[i]f an appellant fails to file the appellant’s brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court’s oum motion as provided in Rule 2. ...” Rule 2, as referenced in Rule 31(d), provides in pertinent part as follows:
(a) Dismissal of Appeal
*251 (1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.
(2) Discretionary Dismissal. An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either court, on its on motion or on motion of a party, determines that dismissal may he warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (Ilf) days after the notification, the appeal shall he dismissed by the clerk of the Supreme Court.
M.R.A.P. 2(a)(1) and (2) (emphasis added).
¶ 15. Five County argues that Thomas’s appeal finds no refuge under the provisions of Rule 2. They contend that the filing of their motion to dismiss Thomas’s appeal was sufficient to satisfy the notice requirement of Rule 2. We disagree.
¶ 16. In Van Meter v. Alford, 774 So.2d 430, 432(4) (Miss.2000), our supreme court specifically held that “[a] motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk.” In Van Meter, the appellant perfected an appeal by timely filing a notice of appeal. Appellee filed, and the circuit court granted, a motion to dismiss for the appellant’s failure to comply in several ways with requirements of appellate procedure. Id. at 431(2). On appeal, the supreme court held that the circuit court improperly dismissed the appeal by failing to comply with Rule 2(a)(2). Id. at 432 (¶ 3-5). The court stated that “Rule 2(a)(2) mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen days therefrom to correct any deficiencies.” Id. at (3). The case was remanded with instructions that proper notice and a fourteen day period be given to the appellant to cure any deficiencies. Id. at (5).[1]
¶ 17. Additionally, we find that a plain reading of the Rules requires that, as a prerequisite for dismissal of an appeal for failure to file a brief, the defaulting party must be provided written notice from the clerk and a fourteen day period to cure. Rule 2(a)(2) employs language which mandates notice before dismissal, (“the clerk of the Supreme Court shall give written notice to the party in default _” (emphasis added)). The comment to Rule 2 defines what constitutes proper notice under the rule stating as follows:
Where dismissal appears warranted for [any reason other than failure to timely file a notice of appeal], the rule provides for the clerk to give written notice of the deficiency to counsel for the defaulting party. Specifically, the clerk will notify *252 counsel that the party is in default in some manner and has 14 days to correct the noted deficiency.
Rule 2 cmt.
¶ 18. In accordance with the above-cited authority, we find that the circuit court erred in dismissing Thomas’s appeal without first giving her written notice from the clerk apprising her of the deficiencies in her appeal and giving her a fourteen day window in which to correct any deficiencies. This case will be remanded to the Circuit Court of Warren County with instructions that proper notice and an opportunity to cure be given to Thomas.
¶ 19. Additionally, we find that the circumstances of the instant ease warrant that the cost of this appeal be assessed equally between the parties. While we recognize that the circuit court clerk was partly responsible for the delay, we find that the actions and/or inactions of Thomas’s counsel departed from our rules of procedure, delayed the administration of the case at the trial level, and resulted in the filing of this appeal, in which Five County, through no fault of their own, was burdened to participate. For these reasons we depart from our normal practice of assessing costs to the losing party and split them equally between the parties.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT AND THE APPEL-LEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. The Van Meter court also found that while dismissal was improper, the consideration of lesser sanctions was appropriate. Id. at (¶ 7-8). The court reasoned that:
Even though Van Meter did not receive actual notice from the court clerk, Alford’s motion to dismiss provided constructive notice that his appeal was subject to dismissal. The administration of justice was hindered when Van Meter, who was under a duty to insure that proper appellate procedure was complied with, sat back and waited for the court to give him actual notice of something of which he already had constructive notice and something he had a duty to know. Alford has a right to a speedy disposition of this case.
Id. at 432-33(¶ 8).