BARNES, J.,
for the Court:
¶ 1. Cardie Blackwell was denied permanent total disability benefits by the Mississippi Workers Compensation Commission (Commission). He appealed the Commission’s decision to the Jones County Circuit Court. However, several months elapsed, and Blackwell had not filed a brief with the circuit court. After the Jones County Circuit Clerk notified him of this deficiency, Blackwell filed a brief; however, the brief failed to conform to all the requirements of the Mississippi Rule of Appellate Procedure 28(a). The circuit court dismissed Blackwell’s appeal with prejudice as a result. He now appeals, claiming that he was not required to file a brief, and the circuit court’s dismissal based on any deficiencies in his brief was not warranted. Finding that the dismissal of Blackwell’s appeal was an abuse of discretion, we reverse the circuit court’s dismissal and remand this case for further proceedings.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Blackwell was an employee of Howard Industries Inc. (Howard Industries). On May 22, 2002, he sustained a work-related injury to his left elbow. Blackwell was paid $268.59 per week in temporary total disability benefits, and Howard Industries also paid for Blackwell’s recommended surgical procedure. However, a disagreement over his treatment arose; so Blackwell filed a petition to controvert with the Commission on January 31, 2003. Howard Industries responded with a mo *465 tion to terminate benefits, and between 2003 and 2007, several motions were filed with the Commission by both parties contesting the extent of Blackwell’s injury and payment of Blackwell’s medical treatment.
¶ 3. At a hearing before an administrative judge (AJ) on December 6, 2007, the parties stipulated that Blackwell had reached maximum medical improvement (MMI) on August 5, 2005. The dispute, therefore, was whether Blackwell was permanently and totally disabled as a result of “complex regional pain syndrome.” On February 27, 2009, the AJ found that Blackwell’s injury was “limited to the left upper extremity” and that he was not entitled to any “permanent disability benefits as he failed to participate in reasonable/necessary medical treatment[,]” which has “impacted the current condition of his left upper extremity.” Blackwell appealed the AJ’s order to the full Commission, and a hearing was held on August 31, 2009. The Commission affirmed the order, and Blackwell appealed the Commission’s decision to the circuit court on October 9, 2009.
¶ 4. Several months elapsed, yet Blackwell never filed a brief with the circuit court. Instead, he filed a motion requesting oral argument on April 13, 2010. Howard Industries responded with a motion to dismiss, claiming that Blackwell’s failure to file a brief violated the Mississippi Rule of Appellate Procedure 28(a). On May 18, 2010, the circuit court issued an order instructing the circuit clerk to serve Blackwell with a notice of deficiency, requesting that a brief be filed within fourteen days upon receipt of notification. Blackwell filed a brief on June 3, 2010; however, although his brief contained a thorough discussion of the legal issues, it did not conform to all of the requirements of Rule 28(a).
¶ 5. Citing the deficiencies in Blackwell’s brief, Howard Industries filed a second motion to dismiss on July 2, 2010. A hearing was held on July 26, 2010, regarding the motion to dismiss, but neither Blackwell, nor his attorney, were in attendance. On July 27, 2010, the circuit court entered an order of dismissal with prejudice based on Blackwell’s failure “to timely and diligently prosecute [the] action.” Blackwell filed a motion to reconsider, which was denied. Blackwell appeals the circuit court’s dismissal, claiming that there was no requirement that he had to file a brief, and he should have been given a second notice of deficiencies.
¶ 6. While we find that Blackwell was required to file a brief with the circuit court, we agree that a second notice of deficiency should have been sent to Blackwell and that lesser sanctions, rather than dismissal, would have been appropriate. Accordingly, we reverse the circuit court’s judgment and remand this case for further proceedings.
I. Whether the circuit court erred in requiring Blackwell to submit a brief.
¶ 7. Blackwell claims the Workers’ Compensation system is based on statutory construction, and he was under no obligation to file a brief with the circuit court on appeal. He contends that “it is entirely incumbent upon the circuit court to take up and decide the appeal.”
¶8. However, this Court has rejected this argument, finding that the rules of appellate procedure are applicable to appeals to the circuit court. In Thomas v. Five County Child Development Program, Inc., 958 So.2d 247, 249 (¶ 8) (Miss.Ct.App.2007), Tequilia Thomas argued that she was not required to file a brief on her appeal from a Commission decision and that “the circuit court had a duty to rule on the record notwithstanding her failure to file a brief.” We concluded:
*466 [Mississippi Rules of Appellate Procedure] Rule 31(b) mandates that a brief be filed within forty days of the filing of the record in the circuit court. Rule 31(a) provides that the clerk’s failure to provide notice of the receipt of the record or a party’s failure to receive such notice does not excuse an untimely filed brief.... No brief was ever filed by Thomas[,] nor was a motion for extension or enlargement of time. Accordingly, we find that the time for filing a brief began to run when the circuit clerk filed the record, and we reject Thomas’s contentions that the filing of a brief is not mandatory, and that the time to file a brief did not begin to run.
Id. at 250 (¶ 12) (emphasis added). “[T]he consequences of failure to file a brief in the circuit court are the same as in the supreme court.” Id. at (¶ 14). See also Truax v. City of Gulfport, 931 So.2d 592, 596 (¶ 12) (Miss.Ct.App.2006) (The dismissal of Truax’s appeal for failure to file an appellate brief within forty days after the filing of record was not an abuse of discretion.) Therefore, we find no merit to Blackwell’s claim that he was not required to file a brief with the circuit court.,
II. Whether the circuit court erred in dismissing Blackwell’s appeal with prejudice without providing notice of the procedural defects in his brief.
¶ 9. Blackwell argues that he should have been afforded a second notice of deficiency regarding the procedural issues with his brief, and consequently, the circuit court erred in dismissing his complaint with prejudice. As already stated, Blackwell failed to file a brief to accompany his appeal to the circuit court. It was only after he received a notice of deficiency pursuant to Mississippi Rule of Appellate Procedure 2(a)(2), that he provided a brief to the court on June 3, 2010, several months after filing his appeal. However, although Blackwell’s brief stated the facts of the case and presented a substantive legal argument, it did not conform to Mississippi Rule of Appellate Procedure 28(a), as it failed to include a certificate of interested persons, a statement of the issues, and a statement of the case. See M.R.A.P. 28(a). Noting these deficiencies, Howard Industries filed a second motion to dismiss. Blackwell’s attorney was not present at the hearing on the motion to dismiss, although he later admitted that he had notice of the hearing. The circuit court granted Howard Industries’ motion to dismiss.
¶ 10. A circuit court’s grant of a motion to dismiss is reviewed for abuse of discretion. Pinson v. Grimes, 42 So.3d 650, 652 (¶ 5) (Miss.Ct.App.2010). Mississippi Rule of Appellate Procedure 2(a)(2) states:
An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these mies. When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official. Motions for additional time in which to file briefs will *467 not be entertained after the notice of the deficiency has issued.
(Emphasis added). As this Court has stated consistently, “with respect to the issue of mandatory or discretionary dismissals, the Mississippi Rules of Appellate Procedure apply to appeals from an agency decision to the circuit court.” Fields v. City of Clarksdale, 27 So.3d 464, 467 (¶ 8) (Miss.Ct.App.2010) (citing Wheeler v. Miss. Dep’t of Envtl. Quality Permit Bd., 856 So.2d 700, 704 (¶ 14) (Miss.Ct.App.2003)).
¶ 11. An appellee’s motion to dismiss “cannot be substituted for an official notice of deficiencies from the court clerk.” Van Meter v. Alford, 774 So.2d 430, 432 (¶ 4) (Miss.2000). “Even where a party has moved to dismiss, the plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.” Id. As the deficiencies in the brief prompted Howard Industries to file a second motion to dismiss, we find that the circuit court should have given Blackwell notice that his brief did not conform to the rules and an opportunity to correct such errors.
¶ 12. Furthermore, “dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases.” Holder v. Orange Grove Medical Specialties, P.A., 54 So.3d 192, 197 (¶ 17) (Miss.2010) (quoting Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (¶ 11) (Miss.1999)). “[Djismissal for failure to prosecute will be upheld only where the record shows the plaintiff has been guilty of dilatory or contumacious conduct.” Id. (quoting Miss. Dep’t of Human Sens. v. Guidry, 830 So.2d 628, 632 (¶ 13) (Miss.2002)). We find nothing in the record to indicate that Blackwell was engaging in “dilatory or contumacious conduct.” Moreover, Blackwell’s brief was more than twenty pages and contained a thorough legal argument, including citations to appropriate legal authority. Therefore, we find that the circuit court’s dismissal of Blackwell’s appeal based on the deficiencies was an abuse of discretion, and we remand this case with instructions that the circuit clerk provide appropriate notice and that Blackwell be given fourteen days to correct those procedural deficiencies.
¶ 13. However, we also find that the circuit court may consider lesser sanctions against Blackwell’s counsel. In Van Meter, the Mississippi Supreme Court reversed the circuit court’s dismissal of the appellant’s claim, but found the consideration of lesser sanctions “appropriate.” Van Meter, 774 So.2d at 432 (¶ 8). It reasoned that, although Van Meter “did not receive actual notice from the court clerk, Alford’s motion to dismiss provided constructive notice that his appeal was subject to dismissal.” Id. The supreme court further stated:
The administration of justice was hindered when Van Meter, who was under a duty to insure that proper appellate procedure was. complied with, sat back and waited for the court to give him actual notice of something of which he already had constructive notice and something he had a duty to know.
Id. at 432-33 (¶ 8). “Lesser sanctions include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ” American Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181— 82 (¶ 17) (Miss.1998) (quoting Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990)).
¶ 14. Although Blackwell’s attorney had notice of the hearing on the second motion to dismiss, he failed to appear. He in *468 formed the circuit court at the subsequent hearing on his motion to reconsider that he merely was not available and that he “just didn’t get it on [his] calendar to get handled without showing up.” Counsel also argues in the appellant’s brief that such items requested in the procedural rules are not necessary and are “simply busy work.” We find counsel’s disregard for appellate procedural rules, not to mention the circuit court’s and opposing counsel’s time, disrespectful and inexcusable. Consequently, we submit that consideration of lesser sanctions against counsel would be appropriate in this instance.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, PJJ, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.