FAIR, J.,
for the Court:
¶ 1. Kim Wade appeals the dismissal of his case by the Hinds County Circuit Court, following an appeal from the Mississippi Real Estate Commission (MREC). Finding that circuit clerk must issue appropriate notice to Wade before a dismissal, we reverse and remand without reaching the merits of the MREC’s decision.
FACTS
¶ 2. The MREC suspended Wade’s real-estate broker’s license for ninety days and required eight hours of continuing education. It found that Wade had made a substantial misrepresentation in connection with a real-estate transaction. Wade appealed the MREC’s decision to the Hinds County Circuit Court.
¶ 3. The transcript from the MREC hearing was forwarded to the circuit court on September 2, 2010, and Wade subsequently filed several motions to correct the transcript, asserting that portions of the hearing were missing. On December 16, 2010, the court denied these motions and ordered that Wade file his appellant’s brief within forty days.
¶ 4. On July 13, 2011, the court dismissed Wade’s appeal for failure to prosecute. At that time, no appellant’s brief had been filed. Wade now appeals asserting eleven issues. They may be generally described as assorted procedural errors and factual arguments. One mandates return to the circuit court rendering the others moot.
STANDARD OF REVIEW
¶ 5. The decision to grant or deny a motion to dismiss is within the discretion of the trial court and will not be overturned unless that discretion is abused. Williams v. Fornett, 906 So.2d 810, 812 (¶ 2) (Miss.Ct.App.2004) (citing Roebuck v. City of Aberdeen, 671 So.2d 49, 51 (Miss.1996)).
DISCUSSION
¶ 6. Briefing in an appeal on the record must conform to the practice in the Mississippi Supreme Court.[1] See URCCC 5.06. Therefore, an appeal from the MREC to the circuit court is controlled by the Mississippi Rules of Appellate Procedure.
¶ 7. Mississippi Rule of Appellate Procedure 2(a)(2) states:
An appeal may be dismissed upon motion of a party ... when the court determines that there is an obvious failure to prosecute an appeal ... [T]he clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days af *1273 ter notification, the appeal shall be dismissed ....
¶ 8. The Mississippi Supreme Court has interpreted this rule strictly. In American Investors, Inc. v. King, 733 So.2d 830, 831 (¶ 2) (Miss.1999), the trial court dismissed an appeal on its own motion without giving written notice of deficiency to the appellant. The supreme court held that the trial court erred in dismissing the appeal without providing prior notice of the dismissal and an opportunity to cure the default. Id. at 832 (¶ 3). Similarly, in Van Meter v. Alford, 774 So.2d 430, 431 (¶ 2) (Miss.2000), the trial court dismissed the matter on the appellee’s motion without providing a written deficiency notice to the appellant. The supreme court stated that though the appellee’s motion to dismiss provided constructive notice that the appeal was subject to dismissal, it did not substitute for an official notice of deficiencies from the court clerk. Id. at 432 (¶ 4).
¶ 9. Most recently, this Court applied the same rule in Thomas v. Five County Child Development Program, Inc., 958 So.2d 247 (Miss.Ct.App.2007). We noted that Rule 2(a)(2) and the official comment to the rule mandate notice before dismissal and define what constitutes proper notice. Id. at 251-52 (¶ 17).
¶ 10. Here, Wade was not given written notice of his deficiencies and fourteen days in which to cure any deficiencies before his appeal was dismissed. We therefore find that the circuit court erred in dismissing Wade’s appeal. This case is remanded to the circuit court with instructions that Wade be given proper notice and an opportunity to cure deficiencies.
¶11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. "Briefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing, and service.... The consequences of failure to timely file a brief will be the same as in the Supreme Court.” URCCC 5.06.