# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-WC-00342-COA

**CARDIE BLACKWELL A/K/A CARDIE B. BLACKWELL**                    **APPELLANT**

**v.**

**HOWARD INDUSTRIES, INC.**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2014 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM H. JONES |
| ATTORNEYS FOR APPELLEE: | DOUGLAS S. BOONE |
| | PARKER FORD LEGGETT |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| TRIAL COURT DISPOSITION: | STRUCK APPELLANT'S INITIAL BRIEF AND REPLY BRIEF |
| DISPOSITION: | REVERSED AND REMANDED - 05/05/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.    The Mississippi Workers' Compensation Commission denied Cardie Blackwell's request for permanent disability benefits. Blackwell appealed to the Jones County Circuit Court. For the second time, the circuit court has dismissed Blackwell's appeal based on technical deficiencies. To be precise, the circuit court held that Blackwell's notice of appeal inadequately set forth the grounds of his appeal. Consequently, the circuit court struck Blackwell's initial brief and his reply brief. We find that the circuit court erred. Accordingly, we reverse the circuit court's judgment and remand this matter for further

proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. Blackwell was working for Howard Industries Inc. (Howard) when he sustained a work-related injury to his left elbow. He received temporary total disability benefits, and Howard paid for Blackwell's surgical procedure. After a disagreement regarding his treatment, Blackwell filed a petition to controvert. Blackwell and Howard exchanged volleys of pleadings and motions between 2003 and 2007.

¶3. The administrative judge (AJ) found that Blackwell was not entitled to permanent and total disability benefits. Blackwell appealed, and the full Commission affirmed the AJ's judgment. In October 2009, Blackwell appealed to the circuit court. Howard successfully moved to dismiss Blackwell's appeal because he never filed a brief with the circuit court. The circuit court issued a deficiency notice and gave Blackwell fourteen days to file a brief. After Blackwell filed a brief that did not conform to Rule 28(a) of the Mississippi Rules of Appellate Procedure, Howard successfully moved to dismiss Blackwell's appeal.

¶4. Blackwell appealed to this Court, and we held that "a second notice of deficiency should have been sent to Blackwell and that lesser sanctions, rather than dismissal, would have been appropriate." *Blackwell v. Howard Indus. Inc.*, 98 So. 3d 463, 465 (¶6) (Miss. Ct. App. 2012). Consequently, we reversed the circuit court's judgment and remanded the case for further proceedings. *Id*.

¶5. On remand, Howard filed a motion to strike Blackwell's briefs. According to Howard, Blackwell's briefs failed to comply with Rule 11 of the Mississippi Workers'

2

Compensation Commission's Procedural Rules. Howard also moved to strike Blackwell's reference to an internet article on the basis that it was "inadmissible hearsay [and] irrelevant, [it] lack[ed a] proper foundation, [and it could not] be authenticated."

¶6. The circuit court agreed with both of Howard's claims. In its order, the circuit court found that Blackwell's notice of appeal did not reference the issues that Blackwell raised in his brief. The circuit court granted Howard's motion to strike Blackwell's briefs. In addition to the internet article that Howard moved to strike, the circuit court struck four other "internet articles and texts" that Blackwell attached as exhibits to his reply brief. After the circuit court struck Blackwell's briefs and five articles that were attached as exhibits, Blackwell appealed to this Court.

**STANDARD OF REVIEW**

¶7. The Mississippi Supreme Court has held that an appellate court "reviews a trial court's grant or denial of a . . . motion to dismiss under a de novo standard." *Copiah Cnty. v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011) (citation omitted).

**ANALYSIS**

¶8. The circuit court struck Blackwell's briefs based on the notice of appeal that Blackwell filed after the Commission affirmed the AJ's judgment. Blackwell filed the notice of appeal with the Commission. According to Blackwell's notice of appeal, by affirming the AJ's judgment, the Commission "issued a decision which contained numerous mistakes of fact and errors in [the] application of controlling law." The notice of appeal further stated that "[t]he Commission considered inadmissible evidence from Dr. Jeffrey Summers, which

was based on insufficient factual data and included hearsay, which was admitted in violation of *Daubert* and the Mississippi Rules of Evidence."

¶9. On July 13, 2013, Blackwell filed his brief in the circuit court. Blackwell's brief included four separate issues. His first three issues addressed the concept that the Commission erred when it denied benefits because he followed the treatment recommended by his treating physician, an anesthesiologist, rather than a different theory of care. Additionally, Blackwell claimed that the Commission erred when it ignored a stipulation that the parties entered after Blackwell rested his case-in-chief.

¶10. On July 26, 2013, Howard filed a motion for an extension of time to file its responsive brief. According to Howard, it could not file its brief within thirty days of Blackwell's. Howard requested a thirty-day extension beyond the deadline. Howard did not claim that the issues in Blackwell's brief did not correspond to the statement in Blackwell's notice of appeal. On August 7, 2013, the circuit court entered an agreed order granting Howard's request for an extension to file its brief. Per the agreed order, Howard's brief was due on September 23, 2013 – sixty-two days after Blackwell filed his brief.

¶11. Howard filed its responsive brief on September 18, 2013, which was the same day that Howard filed its motion to strike Blackwell's brief. Howard claimed that the circuit court should strike Blackwell's brief because Blackwell's notice of appeal did not comply with Rule 11 of the Mississippi Workers' Compensation Commission's Procedural Rules, which provides:

> Should either party desire to appeal from an award of the Commission, the party desiring to appeal . . . will file a notice of appeal with the Secretary of the

4

Commission. The notice shall set out the style of the case, the grounds upon which the appeal is taken, and certification that copies of the notice of appeal have been filed with the opposing parties.

As stated above, the circuit court granted Howard's motion to strike Blackwell's brief, and subsequently dismissed Blackwell's appeal.

¶12. First, no portion of the rule states that the remedy for noncompliance is dismissal of the appeal. Dismissal of an appeal is only appropriate "where there is a clear record of delay or contumacious conduct[,] and lesser sanctions would not serve the best interests of justice." *Van Meter v. Alford*, 774 So. 2d 430, 433 (¶9) (Miss. 2000). "[D]ismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim . . . ." *Id*. It is "reserved for the most egregious cases." *Id*.

¶13. Second, Howard never claimed that it was prejudiced or unfairly surprised by discrepancies between Blackwell's notice of appeal and the issues that Blackwell raised in his brief. Blackwell agreed to give Howard an extension of time to file its responsive brief. Approximately sixty days after Blackwell filed his brief, Howard simultaneously filed its responsive brief and its motion to strike. Howard had ample time to address the issues that Blackwell raised in his brief.

¶14. Neither the Mississippi Rules of Appellate Procedure nor the Uniform Rules of Circuit and County Court include a requirement to state "the grounds upon which the appeal is taken" in a notice of appeal. *See* M.R.A.P. 3(c); URCCC 5.04. Even if the notice of appeal that Blackwell filed with the secretary of the Commission did not adequately state the grounds of Blackwell's appeal – which we do not find – no provision of the Workers'

5

Compensation Commission's Procedural Rules authorizes a circuit court to dismiss an appeal for noncompliance. "The humanitarian objectives of compensation laws should not be defeated by over-emphasis on technicalities or by putting form above substance." Dunn, Vardaman S., *Mississippi Workmen's Compensation* § 32 (3d ed. 1990). The circuit court clearly erred when it struck Blackwell's briefs and dismissed Blackwell's appeal.

¶15. As for the circuit court's decision to strike five articles that Blackwell attached as exhibits to his briefs, we note that workers' compensation proceedings are "not bound by a strict adherence to the Mississippi Rules of Evidence." *Forrest Gen. Hosp. v. Humphrey*, 136 So. 3d 468, 472 (¶19) (Miss. Ct. App. 2014) (citations omitted). The circuit court held that the articles were not part of the record on appeal, and they were all "inadmissible hearsay [and] irrelevant, [they] lack proper foundation, [and they] cannot be authenticated." The circuit court did not elaborate beyond its broad, sweeping conclusions. Consequently, we cannot review the circuit court's decision.[1] Therefore, we reverse the circuit court's judgment and remand this matter for further proceedings consistent with this opinion.

¶16. **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**

---

[1] This conclusion should not be interpreted as a suggestion regarding Blackwell's use of the articles at issue on remand.