## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-SA-01641-COA

**KIM WADE**                                                                           **APPELLANT**

**v.**

**MISSISSIPPI REAL ESTATE COMMISSION**                              **APPELLEE**

DATE OF JUDGMENT:              08/27/2013
TRIAL JUDGE:                        HON. TOMIE T. GREEN
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       KIM WADE (PRO SE)
ATTORNEYS FOR APPELLEE:       JOHN L. MAXEY II
                                    WILLIAM HOLCOMB HUSSEY
NATURE OF THE CASE:            CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:       DISMISSED APPEAL FOR FAILURE TO
                                    CURE DEFICIENCIES
DISPOSITION:                     AFFIRMED: 05/19/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND MAXWELL, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     The Hinds County Circuit Court dismissed Kim Wade's case because he failed to file his appellant's brief in the required time. We find no error and affirm.

¶2.     The Mississippi Real Estate Commission (MREC) suspended Wade's real-estate-broker's license for ninety days and required eight hours of continuing education. MREC found that Wade had made a substantial misrepresentation in connection with a real-estate transaction. Wade appealed the MREC's decision to the Hinds County Circuit Court.

¶3.     The transcript from the MREC hearing was sent to the circuit court on September 2, 2010. Wade subsequently filed several motions to correct the transcript, asserting that

portions of the hearing were missing. On December 16, 2010, the court denied these motions and ordered that Wade file his appellant's brief within forty days.

¶4. On July 13, 2011, the court dismissed Wade's appeal for failure to prosecute. At that time, no appellant's brief had been filed. Wade then appealed to this Court, and he asserted eleven issues. This Court found that Wade did not receive appropriate notice from the circuit court before it dismissed his case. *Wade v. Miss. Real Estate Comm'n*, 97 So. 3d 1271, 1273 (¶10) (Miss. Ct. App. 2012). This Court remanded the case with instructions that Wade be given proper notice and an opportunity to cure deficiencies. *Id.*

¶5. On October 15, 2012, Wade received written notice that his case would be dismissed if he did not file his brief within fourteen days. Wade still refused to file his brief because of disagreements he had with the record before the circuit court. He argued that "[i]f Wade were to ignore and allow the Commission's misconduct regarding the record, he would waive any later objection to their misconduct. Note Wade did not respond to the court[']s order to file his brief." Ultimately, the circuit court found "no good cause has been given by the Appellant for his failure to correct his deficiency." The circuit court then dismissed Wade's case with prejudice on August 27, 2013. Wade has appealed this order.

¶6. The decision to grant or deny a motion to dismiss is within the discretion of the trial court and will not be overturned unless that discretion is abused. *Williams v. Fornett*, 906 So. 2d 810, 812 (¶2) (Miss. Ct. App. 2004) (citing *Roebuck v. City of Aberdeen*, 671 So. 2d 49, 51 (Miss. 1996)).

¶7. Uniform Rule of Circuit and County Court 5.06 provides in part: "Briefs filed in an

appeal on the record must conform to the practice in the Supreme Court, including . . . time of filing. . . . The consequences of failure to timely file a brief will be the same as in the Supreme Court." Mississippi Rule of Appellate Procedure 2(a)(2) provides in part:

> An appeal may be dismissed upon motion of a party . . . when the court determines that there is an obvious failure to prosecute an appeal[.] [T]he clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed . . . .

¶8. This Court has held that "dismissal for failure to prosecute will be upheld only where the record shows the plaintiff has been guilty of dilatory or contumacious conduct." *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 197 (¶17) (Miss. 2010) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (¶13) (Miss. 2002)). Also, the appellate court may dismiss a case with prejudice when the plaintiff willfully fails to comply with the court's order. *Salts v. Gulf Nat'l Life Ins. Co.*, 872 So. 2d 667, 674 (¶18) (Miss. 2004).

¶9. Here, Wade willfully failed to file his appellant's brief after receiving proper notice. This is a serious deficiency that may result in the dismissal of the case. The failure of the circuit court to resolve the disagreement over the record to Wade's satisfaction was not sufficient grounds for him to refuse to file the required brief. The failure of the circuit court to grant any motion to correct the record is a matter that may be considered as an issue on appeal. But we must examine this appeal based on the circuit court's decision to dismiss the case due to Wade's refusal to file a brief. We find that the circuit court did not abuse its discretion in dismissing Wade's claim with prejudice. Hence, we affirm.

3

¶10.   **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.   ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.   IRVING, P.J., NOT PARTICIPATING.**