# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CC-00964-COA

**MILTON PILATE**                                          **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                             **APPELLEES**
**EMPLOYMENT SECURITY AND POWELL**
**TRANSPORTATION COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2018 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MILTON PILATE (PRO SE) |
| ATTORNEYS FOR APPELLEE: | JAMES RANDALL BUSH ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 07/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     In this unemployment-benefits case, Milton Pilate appeals the Hinds County Circuit Court's dismissal of his appeal from the Mississippi Department of Employment Security's Board of Review (the Board). Two years after Pilate's appeal, the circuit court dismissed the appeal with prejudice under Mississippi Rules of Appellate Procedure 2(a)(2) and 31(d). Pilate then appealed the circuit court's dismissal. Finding that the circuit clerk must issue Pilate appropriate notice before a dismissal, we reverse and remand without reaching the merits of the Board's decision.

## FACTS AND PROCEDURAL HISTORY

¶2.     In October 2014, Pilate began working as an over-the-road truck driver for Powell Transportation Company (Powell) in Flowood, Mississippi.  On February 24, 2016, Dr. Latoya Bullock of Central Mississippi Health Services diagnosed Pilate with vertigo and treated him with medication.  Dr. Bullock recommended that Pilate not drive again until his symptoms were resolved.  After starting the medication, Pilate's symptoms subsided, so he continued working.

¶3.     On March 15, 2016, Pilate was driving a work truck from Tennessee to Louisiana. He was without medication when his symptoms reoccurred in Wiggins, Mississippi.  Instead of continuing his route to Louisiana, Pilate drove to Powell's Flowood terminal.  He arrived there around 3 a.m.  Pilate returned his truck, cleaned it out, and turned in his keys and fuel card.  He did not notify anyone at Powell of what happened nor did he show up for work the next day.  Pilate's manager assumed he had quit.  On March 17, 2016, Pilate called his manager and said that he was back on his medication, feeling better, and ready to work.  The manager informed Pilate that he would need to check with the owner.  According to Pilate, no one ever contacted him.

¶4.     On March 23, 2016, Pilate filed his initial claim for unemployment benefits with the Mississippi Department of Employment Security (MDES).  An MDES claims examiner investigated the circumstances surrounding Pilate's departure and determined that Pilate was disqualified from receiving unemployment benefits under Mississippi Code Annotated

section 71-5-513(A)(1)(a) (Rev. 2011) because he left his job without good cause.[1] On April 14, 2016, Pilate appealed to the administrative judge (AJ). After conducting a telephonic hearing with Pilate and his manager on June 8, 2016, the AJ likewise denied Pilate's claim for unemployment benefits. On June 16, 2016, Pilate appealed the AJ's decision to the Board. On June 27, 2016, the Board adopted the AJ's findings of fact and opinion and affirmed his decision.

¶5.     On July 5, 2016, Pilate appealed the Board's decision to the Hinds County Circuit Court. MDES filed the record and its answer one month later. Pilate did nothing. Pilate's attorney filed an entry of appearance on May 25, 2017. On June 5, 2017, Pilate's attorney filed a motion to withdraw as counsel of record. The court entered an order granting the motion and stated that Pilate had sixty days to obtain substitute counsel or notify the court that he intended to proceed pro se.[2] On July 5, 2017, Pilate filed an "answer" or response to

---

[1] Section 71-5-513(A)(1)(a) reads:

An individual shall be disqualified for benefits:

For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case . . . .

[2] Pilate's attorney moved to withdraw just sixteen days after entering an appearance. Neither the attorney's motion to withdraw nor his certificate of service show that he sent a copy of the motion to Pilate per Uniform Circuit and County Court Rule 1.13 and Mississippi Rule of Appellate Procedure 46(c). His motion is also problematic because it was not "accompanied by an appearance form of substitute counsel or a signed statement by

the order, stating he "ha[d] no choice but to proceed . . . pro se." From that point, Pilate took no further action.

¶6. On December 14, 2017, MDES filed a motion to dismiss with prejudice in accordance with Mississippi Rules of Appellate Procedure 2(a)(2) and 31(d). On June 22, 2018, the circuit court granted the motion, stating that Pilate had failed to file his appellant's brief after receiving notification of the deficiency. Aggrieved, Pilate appeals.

## STANDARD OF REVIEW

¶7. We review questions of law and legal conclusions de novo. *Belmont Holding LLC v. Davis Monuments LLC*, 253 So. 3d 323, 326 (¶12) (Miss. 2018) (citing *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (¶8) (Miss. 2005)).

## DISCUSSION

¶8. While Pilate argues the merits of the Board's denial of his request for unemployment benefits, the circuit court's dismissal was based solely on Pilate's failure to file a brief. Rule 5.06 of the Uniform Civil Rules of Circuit and County Court Practice provides that "[b]riefs filed in an appeal on the record must conform to the practice in the Supreme Court, including form, time of filing[] and service . . . . The consequences of failure to timely file a brief will be the same as in the Supreme Court." Therefore, this appeal from the MDES to the circuit court is controlled by the Mississippi Rules of Appellate Procedure.

---

the client that the client agrees to proceed pro se" or an explanation as to why he could not provide either document. M.R.A.P. 46(c).

¶9. The supreme court adheres to Mississippi Rule of Appellate Procedure 31(b), which states that "[t]he appellant shall serve and file the appellant's brief within 40 days after the date on which the record is filed." Here, MDES filed the record with the circuit clerk on August 4, 2016. Between August 4, 2016, and the court's dismissal on June 22, 2018, Pilate never filed an appellant's brief or a request for additional time to file a brief. Mississippi Rule of Appellate Procedure 31(d) details the consequences for failure to file a timely brief: "If an appellant fails to file the appellant's brief within the time provided by this rule or within the time as extended, the appeal may be dismissed on motion of appellee or on the Supreme Court's own motion as provided in Rule 2."

¶10. Here, MDES filed a motion to dismiss Pilate's case under Rules 31(d) and 2(a)(2). Rule 2(a)(2) reads:

> An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. *When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court.*

(Emphasis added). While the Rule literally requires "the clerk of the Supreme Court" to issue the written notice of deficiency, the supreme court has held that the circuit court clerk bears that responsibility when an appeal is taken in circuit court. *See Van Meter v. Alford*, 774 So. 2d 430, 432 (¶3) (Miss. 2000) (stating that "the court clerk (the circuit clerk in this

5

instance) [shall] officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies").

¶11. While the circuit judge's order dismissing Pilate's case states that Pilate received "notification of the deficiency and opportunity to correct said deficiency," the record lacks any verification of a written notice. The only indication from the record that Pilate received notice comes from MDES's motion to dismiss.[3] Even so, our supreme court has specifically held that "[a] motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk." *Id.* at (¶4). More recently, this Court applied the same rule in *Thomas v. Five County Child Development Program Inc.*, 958 So. 2d 247, 251-52 (¶17) (Miss. Ct. App. 2007), noting that Rule 2(a)(2) mandates notice before dismissal.[4] Further, the official comment to the Rule defines what constitutes proper notice:

---

[3] On appeal, MDES makes the same argument from its motion to dismiss—that, at a status hearing held on June 12, 2017, the circuit judge informed Pilate that his appeal had not progressed because of his failure to file a brief. On May 25, 2017, Pilate filed a "notice of status conference hearing," informing MDES that a hearing was set for June 12, 2017. However, the hearing itself is not listed on the docket, and the record contains no documents or transcript related to the hearing. Even if the circuit judge gave Pilate notice of his deficiency at the hearing, that notice is still insufficient under Rule 2(a)(2).

[4] Since our supreme court's ruling in *Van Meter* in 2000, this Court has repeatedly dealt with this issue. *See, e.g.*, *Thomas v. Five County Child Development Program Inc.*, 958 So. 2d 247 (Miss. Ct. App. 2007); *Fields v. City of Clarksdale*, 27 So. 3d 464, 467 (¶9) (Miss. Ct. App. 2010); *Blackwell v. Howard Indus. Inc.*, 98 So. 3d 463, 467 (¶11) (Miss. Ct. App. 2012). It seems every few years this Court rules in another case that the Rules of Appellate Procedure apply to the trial clerks and trial courts when a trial court is sitting as an appellate court. Perhaps it is time to amend the Mississippi Rules of Appellate Procedure to clarify when the appellate rules apply "when the trial court is sitting as an appellate court."

> Where dismissal appears warranted for any . . . reason [other than failure to timely file a notice of appeal], the rule provides for the clerk to give written notice of the deficiency to counsel for the defaulting party. Specifically, the clerk will notify counsel that the party is in default in some manner and has 14 days to correct the noted deficiency.

¶12. On a review of the record, nowhere does it appear that the circuit clerk gave Pilate written notice of his deficiencies and fourteen days in which to cure any deficiencies before the court dismissed the appeal. Since the supreme court has held that the notice provision of Rule 2(a)(2) applies in a circuit court when sitting as an appellate court, such notice was required before the appeal could be dismissed. Therefore, we find that the circuit court erred in dismissing Pilate's appeal. We reverse and remand the case to the circuit court with instructions that Pilate be given proper notice and an opportunity to cure deficiencies.

¶13. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**