856 So.2d 700 (2003)
Glenn WHEELER, Appellant,
v.
MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY PERMIT BOARD, Columbus Light and Water Department and Lone Oak Energy Center, LLC, Appellees.
No. 2002-CP-01636-COA.
Court of Appeals of Mississippi.
September 30, 2003.
*702 Glenn Wheeler, Appellant, pro se.
Jeffrey Carter Smith, Columbus, John A. Crawford, Chuck D. Barlow, Leann Mercer, Jackson, Kelli Marche Mims-Dowell, Attorneys for Appellee.
Before SOUTHWICK, P.J., THOMAS and IRVING, JJ.
THOMAS, J., for the Court.
¶ 1. Glenn Wheeler appeals the decision of the Lowndes County Chancery Court dismissing his appeal of the granting of certain permits issued by the State Department of Environmental Quality Permit Board. The chancellor dismissed the appeal for failing to comply with statutory appeal requirements. On appeal, Wheeler assigns two issues:
I. THE APPELLANT FOLLOWED THE INSTRUCTIONS PROVIDED BY THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY, AS OUTLINED IN MISSISSIPPI CODE ANNOTATED REGARDING THE PROPER PROCEDURES FOR FILING THE APPEAL WITH THE LOWNDES COUNTY CHANCERY COURT OF THE PERMIT BOARD DECISION OF APRIL 9, 2002.
II. THE APPEAL OF THE MDEQ PERMIT BOARD DECISION WAS FILED ON APRIL 30, 2002. THE CHANCERY COURT, HONORABLE JUDGE LANCASTER PRESIDING, RULED IN TWO SEPARATE ORDERS WHICH WERE FILED AUGUST 29, 2002. THE COURT RULED THAT A PROCEDURAL ERROR WAS MADE BY MDEQ AND AS SUCH RULED THAT ONLY ONE BOND WAS ISSUED FOR ONE OF THE APPEALED PERMITS AND THAT SIX SEPARATE BONDS ARE REQUIRED, ONE FOR EACH OF THE SIX PERMITS APPEALED.

FACTS
¶ 2. After public notice and comment was had, the Mississippi Department of Environmental Quality Permit Board (Board) granted six permits for various environmentally involved projects on November 13, 2001. Five of these permits were issued to Lone Oak Energy Center, a corporation (Lone Oak), and one to the City of Columbus, Light and Water Department (the City).
¶ 3. Glenn Wheeler, a private citizen, opposed the issuance of all six permits and sought a full evidentiary hearing before the Permit Board as is provided for by statute. The hearing was duly held and on April 9, 2002, the Board determined the permits had been properly issued. Wheeler was notified of this decision in writing the following day by Kelli Dowell, counsel for the Board. This letter informed Wheeler of his right to appeal upon the filing of notice and receipt of a $100 cost bond. The letter also enclosed a copy of the statute pertinent to appeals of agency decisions.
¶ 4. Wheeler decided to appeal, filed notice and deposited a $100 cashier's check with the agency. Wheeler named only the Permit Board as a defendant but the permit holders, Lone Oak and the City, were permitted to intervene. Both Lone Oak and the City filed motions to dismiss on a variety of grounds, most of which were found to be baseless. The chancellor did, however, grant the City's motion to dismiss for lack of jurisdiction due to Wheeler's failure to timely file the required cost bond as to the City's permit.
*703 ¶ 5. The chancellor also dismissed the appeal of four of the five permits issued to Lone Oak, finding that, under the applicable statute, Wheeler was required to file a $100 cost bond for each permit appealed, which he did not do, within the mandated twenty days. The chancellor also found that the cashier's check deposited with the agency was incorrect-the statute calls for a cash bond. However, after noting this deficiency, the chancellor permitted the cashier's check to suffice for bond on appeal of one permit only, the first one Wheeler happened to list on his notice of appeal. The chancellor later issued a judgment affirming the issuance of that permit.

ANALYSIS
¶ 6. Wheeler does not appeal the chancellor's decision on the only permit upon which judgment was rendered. Rather, Wheeler challenges the propriety of the dismissal of the other five. This is a question of law of which we undertake de novo review. Seymour v. Brunswick Corp., 655 So.2d 892, 895 (Miss.1995).
¶ 7. This case includes the unusual feature of one appellee arguing in favor of the appellant and another appellee taking issue with that. The Board argues the chancellor erred in finding Wheeler needed to post bond on each permit he sought to appeal. The Board combined into a single hearing all six permits because of the interrelated nature of, and objections to, the permits as a group. Although six permits were at issue, the Board considers the hearing to have produced only two appealable decisions, one for each interested permittee, Lone Oak and the City. This is, according to the Board, the standard procedure for handling these matters. Thus, the lower court erred in finding six bonds needed to be posted when only two decisions were rendered, two decisions could be appealed and two bonds were required.
¶ 8. Lone Oak, joined by the City, argues this is an improper interpretation of the Permit Board's enabling statute in clear contradiction of the plain language of the statute, thereby exceeding its authority.
¶ 9. The statute at issue reads:
Any person who is aggrieved by any decision of the Permit Board issuing, reissuing, denying, revoking or modifying a permit after a formal hearing may appeal that decision ... to the chancery court of the county of the situs in whole or in part of the subject matter. The appellant shall give a cost bond of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500), to be fixed by the Permit Board, who shall forthwith certify the filing of the bond together with a certified copy of the record of the Permit Board in the matter to the chancery court....
Miss.Code Ann. § 49-17-29(5)(b) (Rev. 1999). Appeals must be taken within twenty days of the Board's decision after a formal hearing. Miss.Code Ann. § 49-17-29(4)(c) (Rev.1999).
¶ 10. Lone Oak and the City argue that this statute's reference to "a permit" means that each permit must be treated individually with respect to the remainder of the language. We disagree with this extremely narrow reading. Lone Oak's interpretation would require the Permit Board to hold separate hearings on each and every permit issued and thereafter challenged, regardless of the unity of issues or parties. Evidence would need be duplicated repeatedly in order to create a separate record for each permit. Nowhere is that more apparent than in the case before us where the challenge to all six permits was made by the same person and on the same grounds. The exponential *704 increase in cost, wasted manpower and resources to this public agency cannot be justified.
¶ 11. An agency's interpretation of its own enabling statute is to be given deference. Gill v. Miss. Dept. of Wildlife Conservation, 574 So.2d 586, 593 (Miss. 1990). This is due to the practical understanding that an agency far better understands its daily operations needs than the judiciary ever could. Id. With this in mind, the Permit Board was statutorily granted the authority to adopt rules of practice and procedure governing its proceedings that are consistent with the commission's regulations. Miss.Code Ann. § 49-17-29(3)(d) (Rev.1999). However, where the agency's interpretation is contrary to the statute's language, we grant no such deference. Gill, 574 So.2d at 593.
¶ 12. The agency has created its operating procedures to incorporate what it believes to be the most efficient method of dealing with challenges to multiple permits issued to a single permittee. We cannot find fault with this method, nor can we find any violation of statute unless we read it in an extremely narrow fashion and give it meaning the legislature could not possibly have intended.
¶ 13. That does not end our inquiry. Under any of the proffered interpretations, Wheeler's appeal was flawed. We must consider whether what he did do was sufficient to preserve his claims for appellate review. We find that it was.
¶ 14. Appeals from state agency decisions are first had to either chancery or circuit court, depending upon the enabling statute. The supreme court has previously held that, at least with respect to matters of mandatory or discretionary dismissals, the Mississippi Rules of Appellate procedure apply to appeals from county to circuit court. Van Meter v. Alford, 774 So.2d 430, 432(¶ 3)(Miss.2000). We have also found the same applicable in appeals from agency decisions to circuit court. Bowling v. Madison Co. Bd. of Supervisors, 724 So.2d 431, 442 (¶ 51) (Miss.Ct. App.1998).
¶ 15. After a thorough review of the various statutes and rules applicable to situations such as this and the supreme court's interpretation thereof, we found the purpose of imposing some appellate rules on trial courts acting as appellate courts carried out the legislative intent that errors in matters of form will not terminate a court's ability to consider a claim. Id. at ¶ 50, 724 So.2d 431. We can find no logical basis for refusing to apply the same policy to appeals from agencies to chancery courts, as well. Application of certain appellate rules to trial courts under these circumstances is particularly apt, not only to carry out legislative intent, but for lack of any other rule to guide chancery courts.
¶ 16. Under the appellate rules of procedure, the only mandatory dismissal is for failing to timely file notice of appeal. M.R.A.P. 2(a)(1). All other failings are reviewed as potential discretionary dismissals. M.R.A.P. 2(a)(2).
¶ 17. All parties agree that Wheeler timely filed his notice of appeal and the imperfection lies with the bond he attempted to post. As such, this was a discretionary dismissal. The chancellor dismissed the appeals by finding the court lacked jurisdiction to hear the matter for failing to properly post bond. Mississippi Rule of Appellate Procedure 2(a)(2) requires the clerk of the court to give written notice to the party in default notifying him of the nature of the default and fourteen days in which to correct the deficiency before granting the dismissal. Consistent with this rule and its application here to chancery courts, we find that Wheeler should be given an opportunity to amend his appeal to conform with the remainder of this opinion as necessary.
*705 ¶ 18. The dismissal order notes that Wheeler was made aware of the bond problem when served with the briefs of the appellee. That is not sufficient. Arguments in briefs are merely that; they are not directions of the court. We note also that the case relied upon by the lower court to find it lacked jurisdiction for failing to post sufficient bond in the time allowed was specific to a statute which required not only notice but perfection of an appeal within a specified period of time. Wood v. Warren, 193 So.2d 123, 124 (Miss. 1966). The Permit Board statute carries no such requirement.
¶ 19. We reverse and remand to the chancery court to allow Wheeler the opportunity to correct his deficiency. The cashier's check previously deposited with the Permit Board and accepted as adequate for a cash bond was applied to one of the Lone Oak permits. That permit has been adjudicated, was not appealed, and is no longer subject to review. However, the substituted bond will be sufficient as to the four remaining Lone Oak permits. Wheeler need not post another bond. Should he wish to appeal the permit issued to the City, Wheeler will be required to post a second bond, in conformance with the Board's characterization of the number of decisions issued and subject to appeal.
¶ 20. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.