ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Billy Fields was terminated from his position as a captain with the Clarksdale Fire Department (Department). He appealed his termination to the Clarksdale Civil Service Commission (Commission), which affirmed the decision. From the Commission’s order, Fields filed his notice of appeal to the Coahoma County Circuit Court. The circuit court dismissed Fields’s appeal, finding that: (1) Fields failed to pay costs with his notice of appeal, and (2) Fields failed to timely request assistance with compelling the Commission to pay costs. Fields appeals and asserts the following alleged errors:
 

 I.Fields was denied due process because the circuit court improperly dismissed his appeal.
 

 II. A mandatory dismissal with prejudice was too harsh of a ruling.
 

 III. The City of Clarksdale (City) unjustly received an advantage in litigation by violating state law.
 

 Finding that the circuit court erred in dismissing Fields’s appeal without giving him notice of the appeal’s deficiencies and allowing him fourteen days to correct those deficiencies, we reverse the judgment of the circuit court and remand for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 2007, Fields was a captain with twenty years of experience with the Department. On March 26, 2007, the Board of Mayor and Commissioners of the City of Clarksdale (Board) held a pre-disciplinary hearing regarding an allegation that Fields had disobeyed a direct order from his superior, Fire Chief Mike Robinson. The Board found that Fields was insubordinate and that he should be terminated.
 

 ¶ 3. Fields timely appealed the Board’s decision to the Commission, which held a hearing on the matter. The Commission voted to affirm Fields’s termination. The Commission found that Chief Robinson presented Fields with a letter, which informed Fields of a scheduled mandatory appointment for an evaluation at the mental health center. Attached to the letter was an acknowledgment of receipt of the letter. It was clear from the letter that refusal to attend would be a violation of a direct order. Similarly, it was clear that refusal to sign the acknowledgment would be considered insubordination and could result in termination.
 

 ¶ 4. Fields refused to sign the acknowledgment, and he again refused to sign after he was given time to reconsider. Thereafter, Assistant Chief Grayson
 
 [1]
 
 con
 
 *466
 
 vinced Chief Robinson to give Fields until the following morning to sign the acknowledgment. However, the next morning, Fields again refused to sign it. Fields also failed to attend the scheduled mandatory appointment for an evaluation at the mental health center. The Commission concluded that Fields’s conduct constituted insubordination and was cause for his removal.
 

 ¶ 5. On September 7, 2007, following the entry of the Commission’s order, Fields timely filed a notice of appeal with the circuit court. Fields did not pay any costs at the time he filed the notice of appeal. However, in the notice of appeal, Fields requested that the Commission file a certified transcript with the circuit court. In a September 26, 2007, letter, counsel for the Commission advised Fields’s counsel of the estimated costs of the transcript for the appeal. In response, on October 18, 2007, Fields filed a motion requesting that the City pay for the cost of the transcript. The circuit court held a hearing on the matter; the court held that Fields waited too long to request the assistance of the court in securing a transcript, approximately forty-two days after filing his notice of appeal. The circuit court found that Fields’s failure to timely seek assistance from the court constituted abandonment of his appeal, and the court dismissed his appeal with prejudice. Fields timely filed a notice of appeal following the dismissal of his claim.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court has previously noted the following regarding the review of a dismissal for failure to prosecute:
 

 The power to dismiss for failure to prosecute is inherent in any court of law or equity, being a means necessary to the orderly expedition of justice and the court’s control of its own docket. That this Court will not disturb a trial judge’s finding on appeal unless it is manifestly wrong is a doctrine too well known to require citation.
 

 Stuart v. Pub. Employees' Ret. Sys. of Miss.,
 
 799 So.2d 886, 888(¶ 8) (Miss.Ct.App.2001) (quoting
 
 Walker v. Parnell,
 
 566 So.2d 1213, 1216 (Miss.1990)). The decision of whether to grant such a motion to dismiss is within the trial court’s discretion, and we will not reverse the decision absent an abuse of that discretion.
 
 Id.
 
 (citing
 
 Roebuck v. City of Aberdeen,
 
 671 So.2d 49, 50 (Miss.1996)).
 

 DISCUSSION
 

 ¶ 7. Rule 5.05 of the Uniform Rules of Circuit and County Court provides as follows:
 

 In appeals in which the appeal is solely on the record, the record from the lower court or lower authority must be filed with the court clerk within thirty (30) days of filing of the notice of appeal. Provided, however, in cases involving a transcript, the court reporter or lower authority may request an extension of time. The court, on its own motion or on application of any party, may compel the compilation and transmission of the record of proceedings. Failure to file the record with the court clerk or to request the assistance of the court in compelling the same within thirty (30) days of the filing of the written notice of appeal may be deemed an abandonment of the appeal and the court may dismiss the same with costs to the appealing party or parties.
 

 Fields filed his notice of appeal on September 7, and on or about September 26, he learned of the cost of the transcript and that the Commission was under the impression that he was responsible for the cost of the transcript. Fields then waited until October 18, to file a motion with the
 
 *467
 
 circuit court requesting that the City pay for the transcript. Based on these facts, the circuit court found that Fields waited forty days before he requested the assistance of the court in compelling the Commission to file the transcript. Pursuant to Rule 5.05, the circuit court found that this exceeded the allowable thirty days and that Fields had abandoned his appeal. The circuit court based its decision to dismiss Fields’s appeal with prejudice wholly on Rule 5.05.
 

 ¶ 8. Fields does not argue against Rule 5.05’s applications to his case. Instead, he argues that Rule 5.05 should be complementary to Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure. Rule 2(a)(2) provides in part:
 

 An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official.
 

 This Court has previously found that, with respect to the issue of mandatory or discretionary dismissals, the Mississippi Rules of Appellate Procedure apply to appeals from an agency decision to the circuit court.
 
 Wheeler v. Miss. Dep’t of Envtl. Quality Permit Bd.,
 
 856 So.2d 700, 704(¶ 14) (Miss.Ct.App.2003) (citing
 
 Bowling v. Madison County Bd. of Supervisors,
 
 724 So.2d 431, 442(¶ 51) (Miss.Ct.App.1998)). Accordingly, Fields argues that application of Rule 2(a)(2) to his appeal from the Commission requires that he be given notice of the deficiency and fourteen days to correct it.
 

 ¶ 9. In
 
 Van Meter v. Alford,
 
 774 So.2d 430, 432(¶ 6) (Miss.2000), Wallace Van Meter was delinquent in filing a designation of record of his appeal from county court to circuit court. Van Meter did not file the designation until forty-three days after filing his notice of appeal, which was also two days after the appellee had filed a motion to dismiss.
 
 Id.
 
 at 431(¶ 2). On appeal of the circuit court’s granting of the motion to dismiss, the supreme court found that: “Rule 2(a)(2) mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies.”
 
 Id.
 
 at 432(¶ 3). The supreme court further found that Van Meter was deprived of due process when his appeal was dismissed without having been given official notice of the deficiencies by the circuit clerk.
 
 Id.
 
 at (¶ 4). Ultimately, the supreme court reversed the circuit court’s judgment dismissing Van Meter’s appeal and remanded the case to the court.
 
 Id.
 

 ¶ 10. Under the reasoning set forth in
 
 Van Meter,
 
 we find that it was in error for the circuit court to have dismissed Fields’s appeal. Under Rule 2(a)(2), Fields was entitled to notice from the circuit clerk
 
 [2]
 
 of
 
 *468
 
 the deficiency in his appeal and fourteen days to correct any deficiency. We do not find that this ruling conflicts with the language of Rule 5.05. The circuit court may still dismiss an appeal for which an appellant has failed to timely provide a record. However, as this Court and the supreme court have recognized, the Mississippi Rules of Appellate Procedure apply to an appeal to circuit court. Mississippi Rules of Appellate Procedure require that an appellant be provided notice from the clerk and fourteen days to correct any deficiency in his appeal. Fields was not given notice by the circuit clerk, and he was not provided fourteen days in which to have the record for his appeal filed. As was the case in
 
 Van Meter,
 
 this lack of notice and opportunity
 
 to
 
 remedy the deficiency in Fields’s appeal deprived him of due process.
 

 ¶ 11. The judgment dismissing Fields’s case is reversed, and his case is remanded to the circuit court with instructions that the circuit clerk issue the appropriate notice to Fields, informing him of the deficiencies in his appeal, and that Fields be given fourteen days to correct any such deficiencies.
 
 [3]
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Assistant Chief Grayson’s first name is not contained in the record.
 

 [2]
 

 . Rule 2(a)(2) states that the supreme court clerk is to give notice. However, in this case, the circuit court was acting as the appellate
 
 *468
 
 court; therefore, the circuit clerk should have notified Fields.
 

 [3]
 

 . Additionally, we note that, under Mississippi Code Annotated section 21-31-71 (Rev.2007), it was the duty of the Commission to "make, certify, and file” the transcript with the circuit court within thirty days of an appellant's notice of appeal. We recognize that the circuit court found that Fields waited forty days to request the court’s assistance in procuring the transcript, and this was the basis for the dismissal. However, it remains that Fields’s appeal was dismissed, in part, because the Commission failed to timely carry out its statutory duty.