# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00136-COA

**TERRENCE CLARK A/K/A TERRANCE CLARK**        **APPELLANT**
**A/K/A POOH-POO**

**v.**

**WARDEN SCOTT MIDDLEBROOKS**        **APPELLEE**

DATE OF JUDGMENT:        12/06/2019
TRIAL JUDGE:        HON. LILLIE BLACKMON SANDERS
COURT FROM WHICH APPEALED:        WILKINSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        TERRENCE CLARK (PRO SE)
ATTORNEY FOR APPELLEE:        NO APPEARANCE
NATURE OF THE CASE:        CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:        AFFIRMED - 10/19/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.    On November 15, 2019, Terrence Clark filed a "Motion for Judicial Review" in the Circuit Court of Wilkinson County, Mississippi. In this petition Clark states that he is currently an inmate in the custody of the Mississippi Department of Corrections (MDOC) at the Wilkinson County Correctional Facility (WCCF). Clark further states he received a rule violation report (RVR), which alleged that on or about July 26, 2019, his urine sample tested positive for THC. A disciplinary hearing was conducted on August 8, 2019, and Clark was found guilty of the violation. Clark appealed the decision of the disciplinary hearing officer. The appeal was heard, and Clark was denied relief. The first-step response form denying

relief was signed by Warden Scott Middlebrooks on September 16, 2019, and Clark acknowledged receipt of the decision on September 19, 2019. This form advised Clark that he was eligible to seek judicial review within thirty days of his receipt of the first-step response form, and he proceeded to do so. On December 6, 2019, the circuit court entered an order finding that it lacked jurisdiction to consider Clark's petition because it was not timely filed pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015) and that even on its merits, MDOC's decision should be affirmed because Clark had provided insufficient proof to overturn the decision. Aggrieved by the denial of relief, Clark appeals.

## STANDARD OF REVIEW

¶2. Jurisdictional matters are a question of law, and the standard of review is de novo. *Rudd v. State*, 303 So. 3d 841, 843 (¶13) (Miss. Ct. App. 2020).

## ANALYSIS

¶3. The circuit court determined that it lacked jurisdiction to consider this matter due to Clark's failure to timely file his petition for judicial review pursuant to Mississippi Code Annotated section 47-5-807. The petition was not stamped "filed" until November 15, 2019, more than thirty days after Clark's receipt of the first-step response form. The circuit court further noted in the order that Clark's initial mailing was timely, but the circuit clerk did not accept it for filing because Clark failed to include the filing fee. On November 15, 2019, after receiving the necessary filing fee, Clark's petition was stamped "filed" by the circuit clerk. The operative wording in section 47-5-807 is that an aggrieved inmate must "seek judicial review" within thirty days. This Court has found that an attempt to "seek judicial

2

review" is sufficient to withstand a challenge to timeliness. *Maze v. Miss. Dep't of Corr.*, 854 So. 2d 1090, 1093 (¶9) (Miss. Ct. App. 2003). The issue in *Maze* is analogous to the issue here. Maze sent his complaint to the clerk in a timely manner, but the circuit clerk returned it to him because he failed to include the civil cover sheet. *Id*. at 1091 (¶2). By the time Maze completed the form and returned it, along with the complaint for judicial review, to the circuit clerk, the thirty-day window had passed. *Id*. The circuit court dismissed Maze's complaint as untimely. *Id*. at (¶3). This Court reversed, finding that the fact pattern in *Maze* "clearly evinces that Maze did 'seek judicial review' within thirty days." *Id*. at 1093 (¶9). Likewise, we find that Clark did "seek judicial review" within thirty days as required by the statute.

¶4. However, while not addressed by the circuit court, Clark's certificate of service attached to his petition includes notice to only the circuit clerk and the district attorney. Likewise, Clark's certificate of service attached to his notice of appeal lists only the clerk of the circuit court. Rule 5.04 of the Uniform Civil Rules of Circuit and County Court Practice provides that a "party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk," and "[a] copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." In a recent decision, the supreme court found that a petitioner's failure to provide MDOC with notice of his petition for judicial review resulted in the circuit court lacking jurisdiction over the appeal. *Smith v. State*, 293 So. 3d 238, 242-43 (¶22) (Miss. 2020). As in *Smith*, neither MDOC nor the attorney general had notice of

3

Clark's intent to seek judicial review of MDOC's decision and also did not have notice of Clark's intent to appeal the decision of the circuit court.[1]

¶5. The dissent relies upon *Hesler v. Alcorn County Correctional Facility*, 315 So. 3d 1040 (Miss. 2021), to argue that Clark made a "good faith effort" to provide notice of his appeal to MDOC. The dissent contends that the facts in this case more closely resemble *Hesler* than *Smith*. We disagree. In fact, the supreme court distinguished *Hesler* from *Smith*:

> This case can be distinguished. Here, the certificate of service listed both the circuit clerk and the Alcorn County Correctional Facility. Therefore, the record shows that Hesler mailed a copy of his motion for judicial review to the defendant in this case, the Alcorn County Correctional Facility. Although Hesler did not notice the MDOC or the attorney general, this Court will take into account when a prisoner is proceeding pro se and grant some degree of leniency.

*Id*. at 1042 (¶11). Clark did not notice MDOC or any of its facilities. This is not a criminal case, and MDOC is not represented by the district attorney. Clark noticed only the circuit clerk and the district attorney, and pursuant to *Smith*, that is insufficient.

¶6. The dissent also raises a due process violation for the failure to give Clark notice of a deficiency pursuant to Mississippi Rule of Appellate Procedure 2(a) prior to dismissing the petition for judicial review. However, we would note that neither *Smith* nor *Hesler* mentioned the requirement that a deficiency notice must be sent before dismissal. *Smith* clearly stands for the proposition that notice of the appeal to the parties and their attorneys is a jurisdictional requirement, not a procedural requirement. Thus, Mississippi Rule of Appellate Procedure 2(a) is not applicable. *See Gibson v. Bell*, 312 So. 3d 318, 322 (¶14)

---

[1] The record shows that MDOC did not file a brief in the supreme court and likely had notice of the existence of the appeal only after being sent a notice of deficiency by the clerk.

4

(Miss. 2020).

## CONCLUSION

¶7.     "[A]n appellate court may affirm a trial court if the correct result is reached, even if

the trial court reached the result for a different reason." *Davis v. City of Jackson*, 240 So. 3d

381, 384 (¶13) (Miss. 2018).  Since the circuit court's dismissal of Clark's petition was the

correct result, we affirm the circuit court's order dismissing Clark's petition for lack of

jurisdiction.

¶8.     **AFFIRMED.**

　　**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, LAWRENCE AND SMITH, JJ., CONCUR.  WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE, J.; McDONALD, J., JOINS IN PART.  McDONALD, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY McDONALD, J.**

　　**WESTBROOKS, J., SPECIALLY CONCURRING:**

¶9.     I generally agree with Judge McCarty's position in his dissent, but the majority is

correct in its disposition based on the specific facts in this case. The Mississippi Supreme

Court's recent decision in *Hesler*, on which the dissent relies, allowed some leniency to an

incarcerated pro se litigant who mailed a copy of his motion to the Alcorn County

Correctional Facility instead of providing the required notice to MDOC of his intent to seek

judicial review. *Hesler v. Alcorn Cnty. Corr. Facility*, 315 So. 3d 1040, 1041-42 (¶¶6, 11)

(Miss. 2021). In *Hesler*, our Supreme Court held that a good-faith effort to provide the

required notice of his intent to seek judicial review would suffice for a pro se inmate. *Id*. at

1042 (¶13). This upends a long line of cases from our Supreme Court that have held tightly

to the precept that "[w]hile pro se litigants are afforded some leniency, they 'must be held to substantially the same standards of litigation conduct as members of the bar.'" *Sumrell v. State*, 972 So. 2d 572, 574 (¶6) (Miss. 2008) (quoting *Perry v. Andy*, 858 So. 2d 143, 146 (¶13) (Miss. 2003)).

¶10.   Given this change in direction, perhaps now is the time to assess the evolution of a good-faith effort, particularly as it relates to service of process by incarcerated individuals to effectuate the commencement of an action against MDOC. The circumstances presented make it time to consider whether it is a good-faith effort to give notice if an incarcerated individual names MDOC in the letter to the circuit clerk, or if MDOC is included on the certificate of service. Perhaps it is enough to constitute a good-faith effort if an inmate acknowledges in the record he is suing MDOC. Our Supreme Court could look to the approach adopted by states such as Pennsylvania, where the Supreme Court of Pennsylvania chose a more flexible standard for good faith for pro se plaintiffs. The Pennsylvania Supreme Court has held that a plaintiff satisfies the plaintiff's obligation to make a good-faith effort to give notice of the action when "the defendant has *actual notice* of the commencement of litigation and *is not otherwise prejudiced*," even if the plaintiff fails to comply strictly with rules of civil procedure and local practice. *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005) (emphasis added), *distinguished by Fraisar v. Gillis*, 892 A.2d 74, 78 (Pa. Commw. Ct. 2006) (citing *McCreesh* but noting that *McCreesh* does not apply when "*no attempt at service was made*," as there is no personal jurisdiction) (emphasis added)).

¶11.   Notably, the Supreme Court of Pennsylvania's rule established in *McCreesh* is nearly

6

identical to the practical effect of our Supreme Court's holding in *Hesler*. Hesler gave actual notice to MDOC when he mailed a copy of his motion for judicial review to the Alcorn County Correctional Facility, despite not giving formal notice to MDOC. *Hesler*, 315 So. 3d at 1042 (¶11). Presumably, there was no prejudice found to the defendant in *Hesler*, as our Supreme Court reversed and remanded Hesler's case and allowed it to proceed. *Id*. at 1042-43 (¶¶12-14).

¶12.    Our Supreme Court has already made a decision in *Hesler* altering the prior rule requiring pro se litigants to be held to substantially the same standard as members of the bar. Given this holding, it would seem appropriate that our Supreme Court set forth a definitive rule as to what is considered a good-faith attempt by incarcerated pro se litigants to provide the required notice and service of process to defendants so as to avoid confusion in future cases. It would not be difficult for our Supreme Court to adapt Pennsylvania's pro se plaintiff rule to suit its purposes for establishing a standard for good-faith efforts for incarcerated pro se litigants in our state. Unfortunately, the case currently before this Court does not appear to be the vehicle for such a standard. Clark's attempt to provide notice included copies of his petition only to the circuit clerk, district attorney, and the Supreme Court clerk. MDOC and the attorney general had no notice of Clark's intent either to seek judicial review of MDOC's decision or of Clark's intent to appeal the decision of the circuit court. Had Clark provided some sort of actual notice to the parties, my opinion in this case would be in line with the dissent. Because that is not the case before us, I must concur.

        **GREENLEE, J., JOINS THIS OPINION.  McDONALD, J., JOINS THIS OPINION IN PART.**

7

**McCARTY, J., DISSENTING:**

¶13.    I agree with the majority that Clark's appeal is not time-barred, but I disagree with dismissing his case for failure to give notice to the necessary parties. Dismissal is the wrong result for two reasons. Critically, this case is closer to a recent Supreme Court decision from this year than the older case relied on by the majority. Secondly, dismissing Clark's appeal without giving him notice and a chance to cure his deficiency violates his right to due process and robs him of access to the courts.

### I.    A good-faith effort at notice confers jurisdiction.

¶14.    In a unanimous decision, the Mississippi Supreme Court recently clarified that when a petitioner makes a "good-faith effort" to give notice to the parties, dismissal is not warranted. *Hesler v. Alcorn Cnty. Corr. Facility*, 315 So. 3d 1040, 1042 (¶12) (Miss. 2021). The Court held that because the record showed an inmate had made a "good-faith effort" to notify MDOC of his appeal, the circuit court had personal jurisdiction over MDOC. *Id*.

¶15.    In its analysis, the Court noted that Hesler had mailed a handwritten note asking the circuit clerk to file his petition for judicial review, to "issue a summons to the Defendants[,]" and to return a filed copy to Hesler. *Id*. at 1041 (¶7). Additionally, Hesler listed the circuit clerk and the correctional facility on his certificate of service. *Id*. at 1041-42 (¶8). Electronic records also indicated that he had tried to mail a copy of his petition for judicial review to the prison. *Id*. at 1042 (¶9).

¶16.    In evaluating his procedural efforts, the Court also pointed out that "[a]lthough Hesler did not notice the MDOC or the attorney general, this Court will take into account when a

prisoner is proceeding pro se and grant some degree of leniency." *Id*. at (¶11).  Given Hesler's "good-faith effort" to give notice to the correctional facility, his appeal was allowed to proceed. *Id*.

¶17.   In contrast, the majority relies on a case that *Hesler* strongly distinguished, where the Court noted that the record gave no indication that MDOC or the attorney general had been aware of an intent to appeal. *Smith v. State*, 293 So. 3d 238, 242 (¶21) (Miss. 2020).  The Court stated that after Smith received MDOC's final decision, "there [did] not appear to be any other communication between Smith and the MDOC before or after Smith filed his petition seeking judicial review." *Id*.  The Court specifically pointed out that "[t]he certificate of service attached to Smith's petition list[ed] only the Greene County Circuit Clerk." *Id.*

¶18.   This case is much closer to *Hesler* than *Smith*.  The distinguishing factor is when a petitioner exhibits a "good-faith effort" to notify the defendant.  Here, at every step of the appellate process, Clark followed the appropriate procedures to the best of his knowledge and ability.

¶19.   Initially, Clark filed his petition for judicial review without payment. The circuit clerk then sent him a letter warning him that failure to pay the required filing fee would result in dismissal of his case.  Once aware of this deficiency, the inmate promptly paid the fee, and his appeal proceeded.  Significantly, in each communication with the circuit clerk, Clark requested a stamped filed copy of his petition for judicial review.  According to the record, the clerk did send Clark a copy of his filed petition.  Yet at no point did the clerk mention

Clark's failure to give notice to MDOC—a deficiency the majority now deems fatal to his appeal. Clark's mother helped him pay the $161 filing fee. Without doubt, he could have found 60 cents for a first-class stamp had he known he needed one.

¶20. Notably, on the certificate of service attached to his petition for judicial review, Clark also provided notice to the county district attorney. In doing so, Clark was in actuality complying with MRAP 25, which requires service to be made on the district attorney in criminal cases. *See* MRAP 25(b) ("In all cases a copy of any brief on the merits shall be served on the judge who presided at the trial and, in criminal cases, with the office of the District Attorney."). By copying the district attorney, Clark demonstrated his attempt to put the State on notice of his appeal.

¶21. This brings us into the orbit of *Hesler*, where the inmate made a "good-faith effort" to mail a copy of his petition to the prison, rather than the petitioner in *Smith*, who noticed only the circuit clerk. *Accord Jobe v. State*, 288 So. 3d 403, 409 (¶25) (Miss. Ct. App. 2019) (finding that "there is no requirement of service of process when a prisoner files a petition for review of an ARP decision in circuit court").

## II. Dismissal violates due process.

¶22. Furthermore, to the extent Clark failed in serving the correct party, deficiencies of this type are not subject to the immediate dismissal implemented by the majority. Instead, when you falter in the midst of an appeal, our appellate courts have repeatedly held that an appellant's due process rights are violated when he is not notified of and given a chance to cure deficiencies.

10

¶23. For instance, in one case, a firefighter was terminated from his job and ultimately sought review by the circuit court. *Fields v. City of Clarksdale*, 27 So. 3d 464, 465 (¶1) (Miss. Ct. App. 2010). In his "notice of appeal," the firefighter "requested that the Commission file a certified transcript with the circuit court," but it refused. *Id*. at 466 (¶5). The trial court "held that [he] waited too long to request the assistance of the court in securing a transcript, approximately forty-two days after filing his notice of appeal," and found this "constituted abandonment of his appeal, and the court dismissed his appeal with prejudice." *Id*. On appeal before this Court, Fields argued that "application of Rule 2(a)(2) to his appeal from the Commission require[d] that he be given notice of the deficiency and fourteen days to correct it." *Id*. at 467 (¶8).

¶24. The Court held that "it was in error for the circuit court to have dismissed Fields's appeal" since "[u]nder Rule 2(a)(2), Fields was entitled to notice from the circuit clerk of the deficiency in his appeal and fourteen days to correct any deficiency." *Id*. at 467-68 (¶10).

¶25. In its analysis, the Court pointed to well-established precedent that "with respect to the issue of mandatory or discretionary dismissals, the Mississippi Rules of Appellate Procedure apply to appeals from an agency decision to the circuit court." *Id*. at 467 (¶8) (citing *Wheeler v. Miss. Dep't of Envtl. Quality Permit Bd.*, 856 So. 2d 700, 704 (¶14) (Miss. Ct. App. 2003)). Furthermore, the Court stated that "lack of notice and opportunity to remedy the deficiency in Fields's appeal deprived him of due process." *Id*. at 468 (¶10); *see also Van Meter v. Alford*, 774 So. 2d 430, 432 (¶4) (Miss. 2000) ("Van Meter was therefore deprived of due process when his appeal was dismissed because he was not given an official

11

notice of deficiencies in his appeal by the circuit clerk. . . . [T]he plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.").

¶26. In the decade since *Fields*, our Court has repeatedly safeguarded due process in appeals. For example, we have cited *Fields* in holding that a circuit court was required to give a workers' compensation claimant notice and an opportunity to cure deficiencies in his brief before dismissing his appeal. *Blackwell v. Howard Indus., Inc.*, 98 So. 3d 463, 466 (¶10) (Miss. Ct. App. 2012). We noted in a unanimous decision that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." *Id*. at 467 (¶12) (quoting *Holder v. Orange Grove Med. Specialties P.A.*, 54 So. 3d 192, 197 (¶17) (Miss. 2010)). More recently, in an unemployment case, we found that because the record did not show that the circuit clerk had provided the appellant with written notice of the deficiency, dismissal was improper. *Pilate v. Miss. Dep't of Emp. Sec.*, 282 So. 3d 566, 570 (¶12) (Miss. Ct. App. 2019).

¶27. Under the majority's approach, Clark is not notified of the alleged "failure" to give notice to MDOC. Decades of precedent dictate that we are depriving him of due process. Before dismissing an appeal for a deficiency like the one at issue here, the court is required under *Fields*, *Van Meter*, and Rule 2 to give the appellant notice and fourteen days to cure. Only then is dismissal allowed.[2]

---

[2] Even if there were some issues with notice, we could suspend the Rules under MRAP 2(c). "Mississippi Rule of Appellate Procedure 2(c) permits this Court to suspend

12

¶28. Because this case is controlled by *Hesler* rather than *Smith*, it should not be dismissed. Furthermore, because dismissal violates due process, we should never do what the majority does here sua sponte.[3] Ultimately, while I believe we should affirm, we should not deprive Clark of the forum in which he seeks to be heard.[4] For "no person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 26. While we cannot guarantee every person a successful day in court, we can and must ensure everyone receives a fair opportunity to present his or her case.

**McDONALD, J., JOINS THIS OPINION IN PART.**

---

the requirements of appellate rules in the interest of justice." *Logan v. State*, 300 So. 3d 1040, 1042 (¶5) (Miss. Ct. App. 2020).

[3] Regardless of *Smith*'s application, the appropriate remedy is not for *this* Court to dismiss Clark's appeal. Rather, as the Supreme Court did in *Smith*, we would vacate and remand for dismissal for lack of jurisdiction. *Smith*, 293 So. 3d at 243 (¶23). At that point, the circuit court would be required under Rule 2 to give Clark notice and an opportunity to cure the deficiency before dismissing his appeal.

[4] We should affirm this case on the merits only because, as the circuit judge held, Clark presented insufficient evidence to reverse the warden's ruling, and he does not show how the decision was "unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers or violated [his] constitutional or statutory rights[.]" *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007).