# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01351-COA

JASON HOLLOWAY                                                         APPELLANT

v.

RON KING, JAMES MILLER, LATASHA                         APPELLEES
BROOKS AND A. SMITH, IN THEIR OFFICIAL
CAPACITIES AS EMPLOYEES OF MISSISSIPPI
DEPARTMENT OF CORRECTIONS, STATE OF
MISSISSIPPI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/14/2021 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JASON HOLLOWAY (PRO SE) |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: TABATHA BAUM |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/21/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On April 26, 2021, Jason Holloway filed a petition in the Rankin County Circuit Court seeking judicial review of the denial of his request for the removal of a rule violation report (RVR) against him. Holloway is currently in the custody of the Mississippi Department of Corrections (MDOC) at the Wilkinson County Correctional Facility (WCCF).[1]

¶2.     Holloway sought the removal of RVR No. 01763757 through the Administrative

---

[1] The record indicates that at the time the RVR was issued, Holloway was housed at the Central Mississippi Correctional Facility in Rankin County.

Remedy Program.[2] The first-step response form denying relief was signed by Warden James Miller on February 9, 2021, and Holloway acknowledged his receipt of the decision on March 11, 2021. The form advised Holloway that he had thirty days from his receipt of the first-step response form to seek judicial review. Holloway appealed the denial of his request for relief to the Rankin County Circuit Court on April 26, 2021.

¶3. On June 14, 2021, the circuit court dismissed Holloway's petition for judicial review as untimely, citing Mississippi Code Annotated section 47-5-807 (Rev. 2015), which required Holloway to file the petition within thirty days of the date of exhaustion of his administrative remedies. The circuit court noted that Holloway fulfilled the requirements of the administrative remedy program on March 11, 2021, but he did not file his petition in the circuit court until April 26, 2021. On October 28, 2021, Holloway filed a motion for reconsideration, arguing that he had delivered the petition to prison personnel on April 8, 2021, and in accordance with the "prison mail box rule," the petition was timely filed. Maintaining that its prior ruling was the appropriate decision, the circuit court denied the motion for reconsideration on November 9, 2021. Holloway appeals contending that his petition for judicial review was timely filed.

## ANALYSIS

¶4. "A prisoner's delivery of a notice of appeal to prison authorities for mailing within thirty days after the entry of the judgment or order appealed from effects a timely filing under

---

[2] Holloway references multiple RVRs in his brief and has attached them as exhibits. However, Holloway's request for administrative remedy requested only the removal of RVR No. 01763757, so consideration of the other RVRs mentioned is procedurally barred.

[Mississippi] Rule [of Appellate Procedure] 4(a)." *Melton v. State*, 930 So. 2d 452, 454 (¶7) (Miss. Ct. App. 2006). As proof that his appeal was timely, pursuant to the "prison mail box rule," Holloway points out that the petition was delivered to and notarized by prison officials for mailing on April 8, 2021. This evidence of processing supports his contention that the petition was delivered to prison authorities within the required thirty-day period.

¶5.     In any event, the State does not dispute the timeliness of Holloway's petition;[3] the State instead argues that the circuit court lacked jurisdiction to hear the appeal due to Holloway's failure to comply with Uniform Civil Rule of Circuit and County Court Practice 5.04. In *Clark v. Middlebrooks*, 328 So. 3d 1272, 1273-74 (¶4) (Miss. Ct. App. 2021), we considered an almost identical scenario and found that

> Rule 5.04 of the Uniform Civil Rules of Circuit and County Court Practice provides that a "party desiring to appeal a decision from a lower court must file a written notice of appeal with the circuit court clerk," and "[a] copy of that notice must be provided to all parties or their attorneys of record and the lower court or lower authority whose order or judgment is being appealed." In a recent decision, the supreme court found that a petitioner's failure to provide MDOC with notice of his petition for judicial review resulted in the circuit court lacking jurisdiction over the appeal. *Smith v. State*, 293 So. 3d 238, 242-43 (¶22) (Miss. 2020). As in *Smith*, neither MDOC nor the attorney general had notice of Clark's intent to seek judicial review of MDOC's decision and also did not have notice of Clark's intent to appeal the decision of the circuit court.

¶6.     Holloway's petition for judicial review provides notice only to the Rankin County Circuit Court Clerk. Like in *Clark*, Holloway failed to provide notice to the Attorney General, the MDOC, or any of its facilities. Again, we find that "*Smith* clearly stands for the

---

[3] *See Maze v. Miss. Dept. of Corr.*, 854 So. 2d 1090, 1093 (¶8) (Miss. Ct. App. 2003) (applying the "mail box rule" to "a civil filing by a pro se prisoner seeking judicial review)."

3

proposition that notice of the appeal to the parties and their attorneys is a jurisdictional requirement." *Id.* at 1274 (¶6).[4] Although the lack of jurisdiction was not addressed by the circuit court, we can affirm its decision if the correct result was reached for the wrong reason. *Id.* at (¶7). While Holloway's petition may have been timely filed under the prison mail box rule, we affirm the dismissal of his petition because the circuit court lacked jurisdiction.

¶7.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE AND SMITH, JJ., CONCUR. McDONALD, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, McDONALD AND LAWRENCE, JJ.**

**McCARTY, J., DISSENTING:**

¶8.    Because we affirm the circuit court's dismissal of this litigant's appeal without first allowing him a chance to remedy any supposed deficiencies in his case, I must respectfully dissent. Dismissing Holloway's appeal without first giving him notice that he failed to serve the proper parties and giving him a chance to fix that problem deprives him of due process—needlessly limiting his access to the court system.

¶9.    Longstanding precedent establishes two components of due process for litigants before dismissing their appeal: notice of a deficiency from the clerk via Mississippi Rule of

---

[4] The dissent contends that the failure to give Holloway notice of the deficiency pursuant to Mississippi Rule of Appellate Procedure 2(a) and the failure to give him "an opportunity to correct this error" violates his due process rights. However, because the giving of notice of the appeal to the parties or their attorneys of record is a jurisdictional requirement, not procedural, Rule 2(a) is not applicable. *See Smith,* 293 So. 3d at 241-43 (¶¶17-23); UCRCCC 5.04; *Gibson v. Bell,* 312 So. 3d 318, 322 (¶14) (Miss. 2020).

4

Appellate Procedure 2(a)(2) and the "opportunity to remedy the deficiency." *Fields v. City of Clarksdale*, 27 So. 3d 464, 468 (¶10) (Miss. Ct. App. 2010); *see also Van Meter v. Alford*, 774 So. 2d 430, 432 (¶4) (Miss. 2000) (finding the appellant "was therefore deprived of due process when his appeal was dismissed because he was not given an official notice of deficiencies in his appeal by the circuit clerk. . . . [T]he plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.").

¶10. In *Fields*, the trial court found that Fields "waited too long to request the assistance of the court in securing a transcript" and dismissed his appeal with prejudice. *Id*. This Court ultimately found that "it was in error for the circuit court to have dismissed Fields's appeal" since "Fields was entitled to notice from the circuit clerk of the deficiency in his appeal and fourteen days to correct any deficiency." *Id.* at 467-68.

¶11. After *Fields*, our Court has repeatedly safeguarded due process in appeals by requiring notice and an opportunity to remedy deficiencies before dismissal. We depart in this case from this settled jurisprudence and affirm the dismissal of an appeal of a party who was never made aware of any deficiency. Holloway devoted the time to handwrite an eleven-page brief complete with a cover page, certificate of interested persons, table of contents, and a table of authorities. His issues are well stated and deeply researched, considering the limited resources of any incarcerated person. Given the attention to detail he dedicated to his appeal, he likely would have remedied all deficiencies in his complaint had he simply been made aware of the deficiencies at all. Before dismissing for the failure to serve a party,

5

we should first give him an opportunity to correct this error. Further, it would not take much time to consider the merits of Holloway's case and give him his day in court than to contort our jurisprudence to require dismissal.

¶12. While the majority relies on two cases to declare that Holloway did not require notice before his appeal was dismissed, neither case involves the precise issues in this appeal. The first case does not grapple with whether due process is burdened or address Rule 2(a). *Smith v. State*, 293 So. 3d 238, 243 (¶23) (Miss. 2020). The second case involves only the jurisdictional requirements of a cost bond and why Rule 2(a) does not apply in that scenario. *Gibson v. Bell*, 312 So. 3d 318, 321 (¶9) (Miss. 2020). The larger point remains that Holloway was not given a chance to ever correct the problems with service in his case.

¶13. The cornerstone of our law declares that "no person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." Miss. Const. art. 3, § 26. While we cannot guarantee every person a successful day in court, we can and must ensure everyone receives a fair opportunity to present his or her case. For these reasons, and the others explained in my separate opinion in *Clark v. Middlebrooks*, 328 So. 3d 1272, 1278 (¶28) (Miss. Ct. App. 2021) (McCarty, J., dissenting), I respectfully do not join the majority.

**WESTBROOKS, McDONALD AND LAWRENCE, JJ., JOIN THIS OPINION.**